86 F.3d 1173
 40 Cont.Cas.Fed. (CCH) P 76,919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SAYCO LTD., Appellant,
v.
John H. DALTON, Secretary of the Navy, Appellee.
 No. 95-1226.
 United States Court of Appeals, Federal Circuit.
 April 3, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
May 8, 1996.
 
 Before CLEVENGER, RADER, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Sayco, Ltd. ("Sayco") appeals the decision of the Armed Services Board of Contract Appeals ("Board") awarding it $151,747.19 as its share of the total cost savings under two separate contracts between Sayco and the Department of the Navy for submarine connector plugs. Appeal of Sayco, Ltd., ASBCA No. 39366, 94-3 BCA (CCH) p 27,284 (Nov. 7, 1994) ("Sayco II "). The Board awarded Sayco $131,109.58 under Contract Number N00104-84-C-1565 and $20,637.61 under Contract No. N00104-84-C-1504. We affirm.
 
 DISCUSSION
 I.
 
 2
 Sayco's two contracts incorporated by reference the Value Engineering clause set forth in what then was Defense Acquisition Regulation 7-104.44 (Oct.1982). Sayco II, 94-3 BCA at 135,921. Under this clause, Sayco was entitled to share with the Navy any cost savings resulting from a value engineering change proposal ("VECP") which it submitted under the contracts and which was accepted by the Navy. See Sayco, Ltd., ASBCA No. 39366, 92-1 BCA (CCH) p 24,573 at 122,586 (November 8, 1991) ("Sayco I ").[1] The clause recognized both "instant contract savings" (savings under the contracts) and "collateral savings" (savings in agency costs relating to operation of, and maintenance and logistic support for, goods furnished under the contracts). Id. Under the clause, Sayco was to be compensated for such savings by receiving additional compensation under the contracts. Id.
 
 
 3
 The VECP which Sayco submitted and was accepted increased the cost to the Navy of each connector plug delivered under the contracts. Consequently, the parties were confronted with what the Navy's contract administrator called "negative acquisition savings." At the same time, however, Sayco's VECP did result in collateral savings to the Navy. In due course, Sayco appealed to the Board under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13, the Navy's determination as to the additional compensation to which Sayco was entitled under the contracts resulting from the combination of negative acquisition savings and collateral savings. Before the Board, Sayco argued that, for purposes of computing the contractor's share of collateral savings under each of the contracts, the "firm fixed price" referred to in the Value Engineering clause included the contractor's share of collateral savings. Sayco also argued that the sharing period for collateral savings should be three years, and that evidence of what the parties meant by the offset provision contained in Modification A00003 to each of the contracts was barred by the parol evidence rule. Sayco II, 94-3 BCA at 135,926.
 
 
 4
 The Board determined (1) that the contract price's "firm fixed price" did not include collateral savings; (2) that the sharing period for collateral savings was only one year; and (3) relying upon parol evidence, that the parties had agreed that negative acquisition savings would be offset against collateral savings. Id. at 135,926-27. Having rejected Sayco's claims, the Board held that Sayco was entitled to the award noted above.
 
 II.
 
 5
 We treat the decision of an agency board on any question of fact as final and conclusive unless the decision is "fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b) (1994). We review the decision of an agency board on any question of law de novo. Fruin-Colnon Corp. v. United States, 912 F.2d 1426 (Fed.Cir.1990). We address here three of the arguments raised by Sayco on appeal.[2]
 
 
 6
 First, Sayco argues that the Board erred in its interpretation of the collateral savings provisions contained in the Value Engineering clause. The Board concluded that the "firm fixed price" for purposes of the collateral savings paragraph of the Value Engineering clause was the contract price at the time a VECP was accepted and, therefore, did not include any increases or decreases in that price because of collateral savings. Sayco II, 94-3 BCA at 135,926. We agree.
 
 
 7
 The Value Engineering clause provided that the contractor's share of collateral savings "shall not exceed (i) the contract's firm fixed price ... at the time the VECP is accepted, or (ii) $100,000, whichever is greater." Id. Sayco urges us to interpret the clause to mean that the "firm fixed price" included collateral savings. In rejecting this argument the Board observed that "[t]he clause says 'at the time the VECP is accepted' not 'after the VECP is accepted.' " Sayco I, 92-1 BCA at 122,590. The Board further observed that to accept Sayco's interpretation would "effectively read limitation (i) ... out of the Value Engineering clause." Id. The reason is that adding the anticipated collateral savings to the existing contract price means that "the total will always be greater than the collateral savings since ... [collateral savings] is one of the amounts making up the total." Id. We see no error in this analysis.
 
 
 8
 We also agree with the Board that the sharing period for collateral savings was only one year. Paragraph (g) of the Value Engineering clause stated that "the instant contract amount shall be increased ... by 20 percent of the projected net reduction in collateral costs determined to be realized in a typical year of use...." It is quite clear that the contract calls for a sharing period for collateral savings of one year, not three years.
 
 
 9
 Finally, the Board correctly determined that the parties agreed that negative acquisition savings would be offset against collateral savings. Sayco urges us to hold that the Board erred by relying upon parol evidence to determine the parties' intent. We find that the Board's reliance on parol evidence was proper. Parol evidence is admissible if the terms of a contract are ambiguous. Beta Sys., Inc. v. United States, 838 F.2d 1179, 1183 (Fed.Cir.1988). In the present case, the contract, as modified, provided that negative acquisition savings would be offset in accordance with FAR 52.248-1(J) [sic: (j) ]. FAR 52.248-1(j) limits the increase in the price of a contract after acceptance of a VECP to "20 percent of any projected collateral savings determined to be realized in a typical year of use after subtracting any Government costs not previously offset." FAR 52.248-1(j). To the extent that the contract is ambiguous as to what government costs the parties intended to offset against collateral savings, we do not find erroneous the Board's resort to parol evidence to determine that it was the intent of the parties regarding this provision to offset negative acquisition savings against collateral savings.
 
 
 10
 For the foregoing reasons, we hold that the decision of the Board is supported by substantial evidence and is free of legal error. Accordingly, it is affirmed.
 
 
 11
 Each party shall bear its own costs.
 
 
 
 [1]
 The findings the Board made in Sayco I were incorporated by reference into the Board's opinion in Sayco II. Sayco II, 94-3 BCA at 135,921. Because both Sayco I and Sayco II present the same issues, we cite to the Board's findings and conclusions in Sayco I where necessary
 
 
 [2]
 We have considered Sayco's other contentions and have found them all to be without merit